## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. 1:10-cv-623 |
| Plaintiff, | ) ) | |
| v. | ) | COMPLAINT |
| | ) ) | |
| MEASUREMENT, INC., | ) | JURY TRIAL DEMAND |
| | ) | |
| Defendant. | ) ) | |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Jacqueline Dukes ("Dukes"), who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission (the "Commission") contends that Defendant Measurement, Inc. ("Defendant") discriminated against Ms. Dukes when it refused to accommodate Duke's religious beliefs, and discharged her because of her religion, Christian (Children of Yisrael).

### JURISDICTION AND VENUE

1.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina, Durham Division.

PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has been a North Carolina corporation doing business in the state of North Carolina and the City of Durham, and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Dukes filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     On or about October 24, 2008, Defendant engaged in unlawful employment practices at its facility located in Durham, North Carolina, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by refusing to accommodate the religious belief and practice of Jacqueline Dukes and discharging her because of her religion, Christian (Children of Yisrael).

2

8.     Dukes has been a practicing member of the Christian denomination called Children of Yisrael since 2006.  As such, Dukes observes her Sabbath from sunset on Friday until sunset on Saturday.  Dukes holds the sincere religious belief that she cannot work on her Sabbath, and she does not do so.

9.     In the summer of 2006 Dukes, who worked as a Team Leader in the Scanning Department at Defendant's facility in Durham, North Carolina, informed Defendant that she could not work on her Sabbath because of her religious beliefs.  Dukes arranged with her coworkers to swap shifts when necessary.

10.    Around September 22, 2008, Dukes was contacted by Defendant's Operations Manager and told that he needed to discuss her inability to work on Saturdays with her.  Shortly thereafter, Dukes met with the Operations Manager, Human Resources Director, and Scanning Manager regarding a new project that Dukes was told would require her to work Saturday shifts. Dukes was asked by Defendant's management if she could work some Saturdays beginning the month of October.  Dukes responded that she could not work before sunset on Saturdays because of her religious beliefs.

11.    Around October 22, 2008, the Human Resources Director and Scanning Manager again met with Dukes to inform her that effective December 1, 2008, she would be laid off because Defendant could not accommodate her religious practice of not working on Saturdays. At the meeting, the Human Resources Director presented Dukes with a memorandum indicating that Dukes' religious beliefs were "not compatible" with the Team Leader job, and that Defendant could not accommodate Dukes' religious practice.  When Dukes refused to sign the

3

memorandum indicating her agreement with its terms, on or about October 24, 2008, Defendant discharged her.

12.     The effect of the practices complained of above has been to deprive Dukes of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

13.     The unlawful employment practices complained of above were intentional.

14.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Dukes.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against current or future employees based on their religious beliefs and their refusal to violate their religious beliefs.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy prohibiting religious discrimination, all of which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Dukes whole by providing appropriate back pay and benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

4

D.     Order Defendant to make Dukes whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses, in amounts to be determined at trial.

E.     Order Defendant to make Dukes whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

F.     Order Defendant to pay Dukes punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.


## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


DATED this the 12th day of August, 2010.


Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

5

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office
131 M Street, N.E.
Washington, D.C.  20507


/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C.  28202

/s/ Katherine "Abby" Soles
KATHERINE "ABBY" SOLES
N.C. Bar No. 36393
Trial Attorney
Raleigh Area Office
1309 Annapolis Drive
Raleigh, North Carolina 27608-2129
Telephone:     919.856.4148
Facsimile:     919.856.4156
katherine.soles@eeoc.gov

ATTORNEYS FOR PLAINTIFF

6